*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0611**

Amber Dawn Manthey,
Relator,

vs.

Dollar Tree Stores, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed December 21, 2015
Affirmed
Connolly, Judge**

Department of Employment and Economic Development
File No. 33119152-3

Amber D. Manthey, St. Paul, Minnesota (pro se relator)

Patrick R. Martin, Stephanie J. Willing, Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,
Minneapolis, Minnesota (for respondent)

Lee B. Nelson, Minnesota Department of Employment and Economic Development,
St. Paul, Minnesota (for respondent department)

Considered and decided by Connolly, Presiding Judge; Smith, Judge; and Minge,

Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**CONNOLLY**, Judge

Relator challenges the ruling of the unemployment-law judge (ULJ) that she was terminated by respondent for employment misconduct. She argues that the ULJ erroneously failed to consider evidence in the record when finding that she committed theft. Because the ULJ's factual findings that relator stole from her employer are substantially supported by the evidence, we affirm.

**FACTS**

Relator Amber Manthey began working for respondent Dollar Tree Stores Inc. (Dollar Tree) on November 6, 2012. She acknowledged receipt of Dollar Tree's employment manual on her first day of employment. The employment manual provides several bases for termination, including: (1) "unlawful conduct," (2) "insubordination," (3) "improper possession of or use of company property," (4) "failure to record sales accurately," and (5) "falsification."

At the time of her termination, relator was working as an assistant manager. She had the authority to conduct post voids—a process where an entire transaction is voided from the register, making it appear as though the transaction never occurred.

In September 2014, Dollar Tree began to suspect relator of theft, noting that she had issued post voids on several cash-back transactions. Consequently, Dollar Tree reviewed its video surveillance and discovered that relator had post-voided legitimate transactions and kept the money. Dollar Tree alleged that relator stole $130.

2

On November 21, 2014, relator executed two documents: (1) a voluntary admission stating that she had committed the alleged theft, and (2) a promissory note for $130. Relator's voluntary statement read as follows: "I . . . was doing post voids on my register an[d] also a couple of times on a co-worker[']s. . . . I did it for myself, I realized that what I was doing was wrong (theft) and stop[p]ed." Dollar Tree subsequently notified the St. Paul Police Department, and relator was cited for theft.[1] On November 23, 2014, Dollar Tree terminated relator.

The Department of Employment and Economic Development (DEED) initially determined relator to be eligible for benefits. Dollar Tree appealed this determination. Following a telephone hearing, a ULJ found that relator had committed theft and concluded that she was discharged because of employment misconduct and was ineligible for unemployment benefits. In response, relator requested reconsideration. The ULJ affirmed the original decision.

Relator then filed a writ of certiorari, arguing that the ULJ erred in finding that she committed employment misconduct.

## DECISION

"Whether the employee committed a particular act is a question of fact." *Peterson v. Nw. Airlines Inc.*, 753 N.W.2d 771, 774 (Minn. App. 2008) (citations omitted), *review denied* (Minn. Oct. 1, 2008). "This court views the ULJ's factual findings in the light most favorable to the decision. This court also gives deference to the credibility determinations made by the ULJ. As a result, this court will not disturb the ULJ's factual

_____

[1] Criminal-theft charges against relator have since been dismissed.

findings when the evidence substantially sustains them." *Id.* (citations omitted). This court "should not disturb the [ULJ's] findings as long as there is evidence in the record that reasonably tends to sustain them." *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 315 (Minn. 2011).

Here, the evidence in the record substantially sustains the ULJ's factual findings. First, relator's admission of guilt substantially supports them. In her voluntary statement, relator admits to "doing post voids on [her] register," an act she categorizes as "theft." She also states that she "realized that what [she] was doing was wrong." She also executed a promissory note for the amount Dollar Tree alleged she stole. The voluntary admission and promissory note reasonably sustain the ULJ's factual finding that relator committed theft because they were made against relator's own interest[2] and were corroborated by the written and oral testimony. For example, Dollar Tree's representative testified at the evidentiary hearing that Dollar Tree investigated its suspicion of relator's theft by watching video surveillance. The video revealed relator executing a post void after a valid transaction. Relator's voluntary statement is thus corroborated.

Relator challenges the reliability of the admission of guilt and the promissory note, arguing that she signed them under duress and out of fear. But this court does not re-weigh the evidence; it must uphold the ULJ's factual determinations if they are

---

[2] The ULJ concluded: "It is unlikely that [relator] would voluntarily admit to criminal activity and sign a binding agreement to repay money if she did not steal the money."

reasonable. *Id.* Nothing in the record indicates that the ULJ's factual findings are not reasonable.

Moreover, the ULJ gave relator an opportunity to explain her recantation. Relator said that she wrote down "what they wanted [her] to write" and she felt "like [she] was pressured into admitting doing something [she] didn't do [and] that's why [she] never paid the money that [she] promised on the note." The ULJ determined—as is proper— the credibility and weight of the evidence, finding that the voluntary admission and the promissory note "provide a more plausible account of the events surrounding [relator's] discharge." *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006) (noting that this court defers to the ULJ's conclusions regarding the credibility of evidence).

The ULJ's factual findings, supported by relator's own confession, her promissory note, and other testimony, are reasonably sustained by the evidence. *See Stagg*, 796 N.W.2d at 315.

**Affirmed.**

5